UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE SANCHEZ UBIETA, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:20-cv-3274 |
| ON DEMAND STAFFING, INC., | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. STATEMENT OF THE CASE

1. Plaintiff, Jose Sanchez Ubieta (hereinafter "Ubieta" or "Plaintiff"), brings his Complaint against Defendant, On Demand Staffing, Inc., (hereinafter "On Demand"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq*, and for violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. Ubieta contends he was subjected to discrimination based on his race, Hispanic/Latino, denied the requisite leave permitted under the FMLA, denied restoration to the same or equivalent position permitted under the FMLA, and retaliated against for opposing a discriminatory practice.

### II. PARTIES

2. Ubieta is a citizen of Indiana and is Hispanic/Latino. He resides within the geographical boundaries of the Southern District of Indiana.

3. On Demand is an Indiana based for-profit corporation which has a principal office located in and conducting business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Ubieta was an "employee" within the meaning of 42 U.S.C. § 2000e(f), and 29 U.S.C. § 2611(2).

5. On Demand is an "employer" within the meaning of 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4).

6. Ubieta satisfied his obligation to exhaust his administrative remedies by having timely filed his U.S. Equal Employment Opportunity Commission Charge Number 470-2019-04555 against On Demand alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of his race, Hispanic/Latino. Ubieta received his Notice of Right to Sue from the EEOC on September 28, 2020, and timely files his Complaint.

7. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### IV. FACTUAL ALLEGATIONS

9. Ubieta was hired by On Demand on March 20, 2018 as a Workers Compensation Specialist, and was later promoted to Human Resources Director.

10. Prior to being hired at On Demand, Ubieta was involved in a motor vehicle accident on or about November 13, 2017 which resulted in Ubieta being hospitalized.

11. At the time of Ubieta's hire, he was still receiving medical treatment for the injuries sustained in the November 13, 2017 motor vehicle accident.

12. On or about December 2018, Ubieta was promoted to the position of Human Resources Director.

13. In December 2018, Ubieta informed On Demand that his physician recommended surgery for his shoulder injury.

14. On or about March 29, 2019, Ubieta informed On Demand that his shoulder surgery was scheduled for April 22, 2019.

15. On or about April 15, 2019, On Demand approved Ubieta's FMLA leave for 12 weeks leave.

16. On or about April 22, 2019, Ubieta underwent his first surgery.

17. On or about April 29, 2019, On Demand requested Ubieta to return to work, to which Ubieta agreed to work part time.

18. On or about May 6, 2019, Ubieta returned to work part time.

19. During this time in May 2019, Ubieta was still recovering from surgery, receiving medical treatment, and had to be driven to the office.

20. Following an incident where Ubieta tripped on office stairs, Ubieta informed On Demand that it was not safe for him to be in the office in his current condition and was subsequently given permission to work from home.

21. On or about July 30, 2019, Ubieta was involved in a second motor vehicle accident which caused even more damage to his shoulder, and ultimately resulted in Ubieta needing another surgery.

22. On or about August 5, 2019, Ubieta informed On Demand that he was going to need another shoulder surgery.

23. On or about August 12, 2019, On Demand informed Ubieta that his previously approved FMLA leave had exhausted on August 8, 2019.

24. On or about August 12, 2019, Ubieta again informed On Demand that he was going to need another shoulder surgery.

25. On or about September 25, 2019, On Demand informed Ubieta that he was not eligible for any additional leave, that On Demand was unable to accommodate his medical condition, that the position of Human Resources Director would be listed as an open position immediately, and offered Ubieta a demotion to the position of Recruiter and required Ubieta to accept or decline the demotion by October 7, 2019.

26. On or about September 26, 2019, Ubieta informed On Demand that he was not pleased with the demotion, and further, expressed concern that he was being treated differently than other similarly situated employees.

27. On or about October 4, 2019, Ubieta informed On Demand, in fear of losing his job, that he would accept the demotion offered, but requested reasonable accommodations and extended leave due to his upcoming surgery scheduled for October 11, 2019.

28. On or about October 11, 2019, Ubieta underwent his second surgery.

29. On or about November 8, 2019, Ubieta informed On Demand that his second surgery had been successful, and that he was scheduled to have a follow up appointment with his physician on November 21, 2019.

30. On or about November 20, 2019, On Demand informed Ubieta that part-time and/or at home work was not available to him, that the previously offered Recruiter position on

September 25, 2019 was no longer available to him, but that he was welcome to contact the On Demand Indianapolis office to learn about what "contingent assignments" may be available.

31. On or about November 20, 2019, Ubieta again expressed concerns to On Demand that he was not being provided reasonable accommodations following his October 2019 surgery, that both his first demotion to a recruiter and second demotion to unspecified "contingent assignment" was a significant pay decrease, and that being demoted to "contingent assignments" was a significant deviation from his previously held employment responsibilities in the corporate office.

32. On or about November 26, 2019, On Demand informed Ubieta that his previous position in the corporate office had been filled, that there were no corporate office positions available, that the only position available to Ubieta would be unspecified "contingent assignments" originating from one of the Indianapolis branch offices, and that this communication would be On Demand's final communication to Ubieta and would not respond to additional inquiries from Ubieta.

33. On or about December 5, 2019, On Demand informed Ubieta that his employment had been terminated.

34. Ubieta contends that the stated reason for his termination was pretext, and that the real reason for his termination was because of his race, and in retaliation for seeking medical leave and requesting reasonable accommodations for his serious medical condition.

V. **FIRST CLAIM FOR RELIEF**
**(Damages Under the FMLA)**
**29 U.S.C. § 2617(a)**

35. Ubieta hereby incorporates paragraphs one (1) through (34) as set forth herein.

36. Ubieta is informed and believes, and on that basis alleges, that On Demand qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4), and that Ubieta is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

37. Ubieta is informed and believes, and on that basis alleges, that there was an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Ubieta was denied his entitlement to leave as prescribed in FMLA.

38. Ubieta was entitled to Family and Medical Leave Act leave because of a serious health condition. 29 U.S.C.S. § 2612(a)(1)(D).

39. Ubieta is informed and believes, and on that basis alleges, that Ubieta was entitled to restoration of his position as described in the FMLA, 29 U.S.C. § 2614(1), and that Ubieta was denied restoration to the same or equivalent position as prescribed in FMLA.

40. Ubieta is informed and believes, and on that basis alleges, that Defendant is responsible under the FMLA, 29 U.S.C. § 2617(a).

41. As the result of Ubieta's termination, Ubieta has incurred, and is now incurring, a loss of wages and continuing medical expenses, all within the meaning of the FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial. These costs include, without limitation, lost wages and medical expenses during Ubieta's leave of absence, back pay from the effective date of termination, lost medical expenses from the date of termination, and lost employment benefits from the date of termination of benefits, the loss of front pay as of the date of this complaint, liquidated damages, attorneys' fees, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617.

## VI. SECOND CLAIM FOR RELIEF
**(Damages Under Title VII)**
**42 U.S.C. § 2000e**
**Employment Discrimination Based on Race**

42. Ubieta hereby incorporates paragraphs one (1) through (41) as set forth herein.

43. On Demand's stated reason for removing Ubieta from his position as Human Resources Director, offering Ubieta a demotion, and ultimately terminating his employment, was that the vacancy of his position was causing hardship for the company's operations.

44. Ubieta submits that his demotion and termination, is pre-text, as his non-Hispanic/Caucasian counterparts also suffered from serious health conditions requiring them to take leave, but they were not demoted or terminated from their employment.

45. As a result of On Demand's actions, Ubieta has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish and emotional injury.

46. On Demand's actions and omissions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended.

47. Ubieta submits that he was discriminated against on the basis of his race, Hispanic/Latino, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended.

## VII.   THIRD CLAIM FOR RELIEF
### (amages Under Title VII)
### 42 U.S.C. § 2000e
### Retaliation

48. Ubieta hereby incorporates paragraphs one (1) through (47) as set forth herein.

49. Ubieta raised concerns regarding unfair treatment based on his race, Hispanic/Latino.

50. Ubieta brought his concerns to the management team in On Demand's corporate office.

51. Ubieta informed his supervisors that the company's medical leave policy was not being enforced uniformly between Caucasian employees and Hispanic/Non-Caucasian employees.

52. Ubieta was demoted within weeks of bringing these issues to the attention of his supervisors, and ultimately terminated from his employment.

## VIII.   REQUESTED RELIEF

WHEREFORE the Plaintiff, Jose Sanchez Ubieta, requests that judgment of this Court be held in his favor as follows:

1. Order Defendant to pay Plaintiff any and all lost wages and the monetary value of all benefits associated with his employment as a result of Defendant's discrimination;

2. Order Defendant to pay Plaintiff compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Jose Sanchez Ubieta, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. (317) 843-2606
Fax (317) 574-3095
cclark@goodinabernathy.com
03-119